IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DONNA N. CARPENTER,

Plaintiff,

vs.

DEPARTMENT OF VETERANS AFFAIRS BENIFITS, GENERAL COUNSEL,

Defendant.

**4:21CV3310**

**MEMORANDUM AND ORDER**

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

Plaintiff complains she has been denied disability and other benefits by the Department of Veterans Affairs since 1990.

The Veterans' Judicial Review Act of 1988 ("VJRA") provides the exclusive process by which veterans may adjudicate claims relating to veterans' benefits. As explained by the United States Court of Appeals for the Eighth Circuit in *Mehrkens v. Blank,* 556 F.3d 865 (8th Cir. 2009):

> In 1988, Congress enacted the VJRA [Veterans' Judicial Review Act] to establish a framework for the adjudication of veterans' benefits claims. The process begins with the veteran filing a claim for benefits with a regional office of the Department of Veterans Affairs and includes several levels of appeal. The regional office decides all questions of law and fact as they relate to the claim. 38 U.S.C. § 511(a).[1] If aggrieved, the claimant may then appeal to the Board of Veterans' Appeals (BVA). 38 U.S.C. § 7104. BVA decisions may be appealed to the Court of Appeals for Veterans Claims, to which Congress vested exclusive jurisdiction to review BVA decisions. 38 U.S.C. § 7252(a). Claimants may appeal unsatisfactory decisions of the Court of Appeals for Veterans Claims to the Federal Circuit, which has exclusive appellate jurisdiction over such matters. 38 U.S.C. § 7292. Finally, a claimant may appeal to the Supreme Court. 38 U.S.C. § 7291.

*Id.*, at 869.

---

[1] "The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C.A. § 511(a) (Westlaw 2021).

8 U.S.C. § 511(a) "was designed to prevent judicial review of decisions on individual claims made by the VA." *Merged Area X (Ed.) in Ctys. of Benton, Cedar, Iowa, Johnson, Jones, Linn & Washington, Iowa v. Cleland*, 604 F.2d 1075, 1078 (8th Cir. 1979). "Thus, the district court does not have jurisdiction over a benefits claim once the Secretary decides under a law affecting benefits." *Jones v. United States*, 727 F.3d 844, 847 (8th Cir. 2013). *See also Johnson v. United States*, 640 F. Appx 601-02 (8th Cir. 2016) (affirming dismissal, for lack of subject-matter jurisdiction, of claims regarding reduction of veteran's disability benefits and alleged mishandling of payments brought under the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)); *Mehrkens*, 556 F.3d at 868-70 (8th Cir. 2009) (no *Bivens* remedy for alleged constitutional violations stemming from delayed payment of veteran's benefits); *Whiteside v. Dep't of Veterans Affs.*, No. 4:14CV3050, 2014 WL 2860991, at *3 (D. Neb. June 24, 2014) (dismissing benefits claims on initial review).

III. CONCLUSION

The court has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). Because it is apparent this court lacks subject-matter jurisdiction over Plaintiff's claims—no matter how they might be framed—preservice dismissal is appropriate under 28 U.S.C. § 1915(e)(2). Plaintiff will not be given leave to amend because any amendment would be futile.

Accordingly,

IT IS ORDERED that this action is dismissed without prejudice of lack of subject-matter jurisdiction. Judgment shall be entered by separate document.

Dated this 17th day of November 2021.

BY THE COURT:

Richard G. Kopf
Senior United States District Judge